

800 LASALLE AVENUE     612 349 8500 TEL
SUITE 2800     612 339 4181 FAX
MINNEAPOLIS, MN 55402     ROBINSKAPLAN.COM

ROBERT BENNETT
612 349 8742 TEL
RBENNETT@ROBINSKAPLAN.COM

*Via ECF and email*

October 6, 2022

The Honorable Ann D. Montgomery
Sr. U.S. District Judge, District of Minnesota
Diana E. Murphy U.S. District Court Floor 10, Room 1005
300 South Fourth Street
Minneapolis, MN 55415

    Re:     *Marks v. Bauer*, Civ. No. 20-1913 (ADM/JFD)

Dear Judge Montgomery:

    We represent Plaintiff Ethan Marks in the above matter. I write regarding Defendant's Motion for Summary Judgment, which is scheduled to be heard by Your Honor on November 16, 2022.

    As Your Honor knows, this case arises out of Ethan's shooting with a "less-lethal" 40-millimeter launcher by Defendant Benjamin Bauer on May 28, 2020. Ethan alleges in his Second Amended Complaint a single claim, that Bauer violated his Fourth Amendment rights through the use of excessive force. *See* Dkt. 50. On August 31, 2022, Bauer moved for summary judgment. Dkt. 100. He spent the vast majority of his supporting memorandum arguing that his conduct did not violate the Fourth Amendment. *See* Dkt. 105 at 24-38. Ethan timely responded to those arguments in his opposition brief, filed on September 21. *See* Dkt. 119.

    Yesterday, Bauer filed his reply brief in support of his motion. Dkt. 137. There – **for the first time** – Bauer argued that he "did not seize Marks" within the meaning of the Fourth Amendment. *Id.* at 5-6. This is a curious assertion given that Bauer spent most of his opening brief arguing that he did not transgress Fourth Amendment standards – standards that would not apply if Ethan was not seized in the first place! Indeed, at no juncture in this nearly two-year litigation has Bauer *ever* asserted that Ethan was not seized. *See, e.g.*, Dkt. 14 (memo in support of motion to dismiss); Dkt. 39 (joint Rule 26(f) report); Dkt. 55 (answer to Second Amended Complaint).

    Bauer's eleventh-hour argument is both improper and incorrect. The Local Rules are explicit: "A reply memorandum *must not raise new grounds for relief.*" D.

The Honorable Ann D. Montgomery            *Via ECF and email*
October 6, 2022
Page 2

Minn. LR 7.1(c)(3)(B) (emphasis added).  The purpose of this rule is to prevent surprise "gotcha!" arguments and allow the Court to have a complete record, with input from all parties, before ruling.  *E.g.*, *Wiley v. Portfolio Recovery Assocs., LLC*, No. 20-cv-737 (SRN/KMM), 2020 WL 6136146, at *4 (D. Minn. Oct. 19, 2020). There is no explanation whatsoever for Bauer failing to argue in his moving brief (or at any prior time) that Ethan was not seized within the meaning of the Fourth Amendment.  By intentionally depriving Ethan of an opportunity to address the argument, the Court should not consider it.  *See, e.g.*, *Unison Co., Ltd. v. Juhl Energy Dev., Inc.*, Civ. No. 13-3342 (ADM/BRT), 2018 WL 4426204, at *4 (D. Minn. Sept. 17, 2018) (Montgomery, J.); *Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*, 491 F. Supp. 2d 871, 878 (D. Minn. 2007) ("federal courts do not, as a rule, entertain arguments made by a party for the first time in a reply brief").

However, if the Court is inclined to consider Bauer's newly asserted argument that he did not seize Ethan by shooting him in the face, then Ethan respectfully requests the Court's leave to submit a surreply memorandum addressing only that issue, not longer than ten pages, on or before October 15, 2022.

                                                       Sincerely,

                                                       */s/ Robert Bennett*

                                                       Robert Bennett
                                                       Partner

cc:     Kristin Sarff (via email)
         Sharda Enslin (via email)
         Heather Robertson (via email)